IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KELLI LEIGH GEARY**                                                                           **PLAINTIFF**

v.                                        No. 4:15–CV–613-JM-BD

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**

### Recommended Disposition

**Instructions**.  The following recommended disposition was prepared for U.S. District Judge James M. Moody Jr.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**. Kelli Leigh Geary seeks judicial review of the denial of her application for social security disability benefits.[3] Ms. Geary last worked as a diversion investigator for the Drug Enforcement Agency.[4] She stopped working when she was diagnosed with hyperthyroidism, also known as Graves' disease. A few months later, she applied for disability benefits, and based disability on Graves' disease, an undetermined autoimmune disease, endometriosis, anxiety, an inability to sit for extended periods of time, difficulty walking, concentration problems, fatigue, and joint/muscle pain.[5]

**The Commissioner's decision**. The ALJ identified Graves' disease, fibromyalgia, and neuropathy as severe impairments.[6] The ALJ determined the impairments limit Ms. Geary to light work.[7] The ALJ consulted a vocational expert, determined that work existed that Ms. Geary could do, and denied the application.[8]

---

[3]SSA record at pp. 162 & 164 (applying on Sept. 12, 2012 and alleging disability beginning May 15, 2012).

[4]*Id*. at pp. 195 & 205.

[5]*Id*. at p. 193.

[6]*Id*. at p. 36.

[7]*Id*. at p. 37.

[8]*Id*. at pp. 41-42.

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10]  Ms. Geary filed this case to challenge the decision.[11]

**Ms. Geary's allegations**.  Ms. Geary challenges the evaluation of her credibility. She complains about the ALJ's reliance on agency medical experts in discounting her credibility.  She maintains the ALJ should have credited her physician's opinion about her ability to work.[12]

**Applicable legal principles**.  The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 12.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

show Ms. Geary could do some light work and work existed that she could do.[14]

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15]  The ALJ placed the following limitations on light work: (1) no more than occasional stair-climbing, (2) no ladder-climbing, and (3) no extreme heat.  A reasonable mind will accept the evidence as adequate for the following reasons:

> 1. **Medical evidence established no disabling symptoms**.  A claimant must prove disability with medical evidence; allegations are not enough.[16]  Ms. Geary complained primarily about disabling pain, but medical

---

[14]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind might accept the evidence as adequate to support the decision).

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

evidence showed no reason for such severe pain. Before being diagnosed with Graves' disease, Ms. Geary complained about joint pain and fatigue. Graves' disease causes these symptoms.[17] On June 21, 2012, the thyroid gland was surgically removed,[18] but Ms. Geary continued to complain about joint pain and fatigue.[19]

On August 15, 2012, a rheumatologist diagnosed fibromyalgia.[20] Fibromyalgia is characterized by muscle pain and fatigue.[21] When Ms. Geary asked for a work excuse, the rheumatologist declined, writing " I could not objectively document a reason to have her off work based simply on the presence of fibromyalgia."[22]

Ms. Geary based disability, in part, on an undetermined autoimmune disease, but diagnostic testing ruled out autoimmune disease.[23] At one point, Ms. Geary experienced cranial neuropathies — left facial weakness above and below the eye, right sixth cranial nerve palsy, and eighth cranial nerve deficit on the right — and symptoms of neuropathy in the hands and feet.[24] She required no treatment. Diagnostic testing was negative.[25]

---

[17]Teresa G. Odle, Rosalyn Carson-DeWitt & Rebecca J. Frey, Hyperthyroidism, 4 The Gale Encyclopedia of Med. 2567 (5th ed.).

[18]SSA record at p. 272.

[19]*Id*. at p. 296 (June 25, 2012), p. 294 (July 18, 2012) & p. 292 (Aug. 9, 2012).

[20]*Id*. at p. 281.

[21]Paula Ford-Martin, Michele R. Webb & Laura Jean Cataldo, Fibromyalgia, 3 The Gale Encyclopedia of Med. 1972 (5th ed.).

[22]SSA record at p. 282.

[23]*Id*. at p. 345 (diagnostic imaging ruled out multiple sclerosis).

[24]*Id*. at p. 413.

[25]*Id*. at p. 351 (negative CT scan of brain), p. 357 (negative echocardiogram, p. 414 (negative nerve conduction study) & p. 468 (normal lumbar puncture)

The most recent treatment note documents no complaint of neuropathy and no cranial nerve deficits.[26] Agency medical experts limited Ms. Geary to light work.[27] A reasonable mind would accept the evidence as adequate, because that is the type of work the ALJ required.

**2. Inconsistency supported the credibility evaluation.** An ALJ may discount a claimant's allegations based on inconsistency in the evidence.[28] Ms. Geary alleged disabling pain and physical limitation, but her allegation was inconsistent with objective evidence. Three types of specialists examined Ms. Geary; no specialist found reason for disabling pain.[29] The rheumatologist recommended routine aerobic exercise.[30] The recommendation contradicted the allegation of disabling physical limitation.[31]

Ms. Geary contends that the ALJ should have credited primary care provider (PCP) medical statements,[32] but the ALJ properly observed that the statements reflected Ms. Geary's subjective complaints rather than the results of objective medical evidence. The PCP reported: (1) diagnostic

---

[26]*Id.* at pp. 465-66.

[27]*Id.* at pp. 60, 74, 90 & 107.

[28]*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[29]SSA record at p. 281 (Aug. 15, 2012: widespread joint pain strongly suggests no inflammatory process), p. 316 (Sept. 18, 2012: no endocrine reason for joint pain), p. 414 (Dec. 14, 2012: left peroneal neuropathy, but no acute or chronic denervation) & p. 423 (Jan. 7, 2013: negative lumbar puncture results).

[30]*Id.* at p. 282.

[31]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) ("[A] physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations.").

[32]SSA record at pp. 484-87.

testing by an endocrinologist showed Ms. Geary had no "auto immune connective tissue disorder and [was] negative for rheumatoid arthritis," (2) she was seen by "neurology who has done spinal tap which was negative but noted that she has an Epstein-Barr virus titer that was elevated," and (3) she had a "MRI which was negative for any signs of neurologic deficits."[33]

According to the PCP, Ms. Geary had a preliminary diagnosis of "myalgias [muscle pain] due to an unknown cause."[34]  Even if treatment records reflected the diagnosis, it would not constitute the "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability."[35]  The ALJ properly rejected the PCP medical statements.  The ALJ did not err in relying on agency medical experts.

3. **Vocational evidence supported the decision**.  A vocational expert classified Ms. Geary's past work as a diversion investigator and a waitress as light work.[36]  According to the vocational expert, a person limited to occasional stair-climbing, and precluded from ladder-climbing and extreme heat, could do those jobs.  That evidence led the ALJ to properly conclude that Ms. Geary was not disabled, because a person who can do her past work is not disabled under social security law.[37]

The ALJ asked about other available light work for a person limited to occasional stair-climbing, and precluded from ladder-climbing and

---

[33]*Id*. at p. 484.

[34]*Id*.

[35]42 U.S.C. § 423 (d)(5)(A).

[36]SSA record at p. 41.

[37]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

extreme heat.  The vocational expert identified cashier II and production assembler.[38]  The availability of other jobs showed work existed that Ms. Geary could do, regardless of whether such work existed where she lived, whether a job vacancy existed, or whether she would have been hired if she applied for work.[39]  The availability of other jobs formed the basis of an alternative reasoning: Ms. Geary was not disabled because work existed that she could do.  A reasonable mind will accept the vocational evidence as adequate to support the conclusion that Ms. Geary was not disabled.

**Conclusion**.  Substantial evidence existed because a reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, Ms. Geary's request for relief (docket entry # 2) should be denied and the Commissioner's decision affirmed.

Dated this 26th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[38] SSA record at p. 42.

[39] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).